Dear Clerk of Courts

On or about the Date of July 29, 2019, Petitioner Forwarded to this court, and the respondent party- Assistant U.S Attorney, A motion Pursuant to 28 U.S.C 2255. Please Find Enclosed a Petition to Amend the 2255, Pursuant to Fed. R. Civ. P. 15 (c).

Date:                                                Respectfully Submitted

TO: The Court of Clerks

My name is Rashod Lewis, Register No: 77830-054. I mailed you my Ineffective of Assistance of Counsel, my §2255. It landed on August 2, 2019. Here are both of the tracking numbers:

1) 7017 3380 0000 9831 4817
2) 7017 3380 0000 9831 4800

One was sent to the Southern District of New York, the Silvio J. Mollo building One Saint Andrew's Plaza New York, NY 10007, Court of Clekk. The Second one was sent to Assistant U.S. Attorney, Andrew Adams One Saint Andrew's Plaza New York, NY 10007 on August 2, 2019 that landed there too. It has been over a month and I have not received a reply from the Court of Clerks telling me that they received my appeal. I would love to know what the state of my situation is. Thank you.

Sincerely, Rashod Lewis

Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RASHOD LEWIS
S116 Cr. 311 (KMW)

PETITION TO AMEND PETITIONER'S ORIGINAL
MOTION PURSUANT TO 28 USC 2255 PER
Fed. R. Civ. P. 15(c)

Now comes, Petitioner - RASHOD LEWIS, in pro se capacity respectfully moving this Honorable Court, pursuant to Fed.R.Civ.P. 15(c), to amend his original motion pursuant to 28 USC 2255, and aver the following in support:

A Petitioner may untimely amend a pleading if the amendment relates back to a timely petition. Fed.R.Civ.P. 15(c). So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back to the original pleading. Mayle v. Felix 545 US 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

This amendment is based on Petitioner's claim presented in his 2255 pursuant to the Supreme Court's recent decision in, United States v. Davis 139 S.Ct. 2319 (2019) issuing that the residual clause of 18 USC 924(c) is unconstitutionally vague. As set-forth by the Supreme Court, Davis establishes a new rule that is retroactive. A case announces a new rule when it breaks new ground or imposes a new obligation on the government, in other words, if the result was not dictated by precedent existing at the time the defendant's conviction became final. Chaidez v. United States 568 US 342, 347, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013) (Supreme Court precedent identifies a new right as one that

breaks new ground or imposes a new obligation, as compared to a case simply dictated by existing precedent). A result is not so dictated unless it would have been apparent to all reasonable jurist. Merely applying an existing rule to a different set of facts does not create a new rule. Yates v. Aiken 484 US 211, 216-17, 108 S.Ct. 534, 98 L.Ed.2d 546 (1988) (The Teague court confined the definition of a new rule to a legal conclusion which breaks new ground or imposes a new obligation on the State or Federal government, or a circumstance in which was not dictated by precedent existing at the time the defendant's conviction became final).

In this instant application, as with Johnson v. United States 135 S.Ct. 551 (2015), and Sessions v. Dimaya 138 S.Ct. 1204 (2018), the Supreme Court continued to analize the residual clause of the criminal statutes and in, United States v. Davis 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019), recently determined that the residual clause of section 924(c)(3)(B) is also unconstitutionally vague. The Supreme Court applied their analytical review found in Johnson, to Davis, to resolve whether the residual clause of 924(c) suffers from the same vagueness as it concluded in Johnson. However, what makes Davis a new rule is that the Supreme Court also addressed the government's argument that section 924(c)'s vagueness problem could be avoided by applying a case - specific, rather than a categorical approach. The Supreme Court rejected the government's request that the court abandon the traditional categorical approach and hold that the statute commands a case - specific approach that would look at the defendant's actual conduct in the predicate crime. The Supreme Court determined that section 924(c)(3)(B) carries a categorical approach and is unconstitutionally vague. The Davis ruling also resolved the circuit split regarding the residual clause's constitutionality, which evidences that the result in Davis was not apparent to all re-

asonable jurists. Also see: Montgomery v. Louisiana 136 S.Ct. 718, 728, 193 L.Ed.2d 599 (2016) (substantive rules include rules forbidding criminal punishment of certain primary conduct, as well as, rules prohibiting a certain category of punishment for a class of defendants because of their status or offense);

Argument:

On May 21, 2017, the government pursuant to a plea agreement accepted a guilty plea from Petitioner to Count Six of the indictment lodged against him. Count Six charges Petitioner with a violation of 18 USC 924(c)(1)(A)(iii) and 2, which the government allege is connected with Count One of the indictment. Count One of the indictment is an underlying offense which alleges a conspiracy to distribute and possess with the intent to distribute narcotics, which conspiracy allegedly included a robbery targeting a drug dealer, and others, located inside an afterhours club, which during the process of the robbery an individual was shot and killed. Count Two alleges the same robbery as a robbery conspiracy as a seperate offense. Petitioner plead guilty to Count Six of the indictment on June 8, 2017, and was sentenced on October 30, 2017 to a term of imprisonment of 360 months.

The courts have held that Fed. R. Crim. P. 11 is designed to assist the District judge in making constitutionally required determinations that a defendant's guilty plea is truly voluntary. United States v. Maher 108 F.3d 1513, 1520 (2d Cir. 1997). This Circuit has adopted a standard of strict adherence of Rule 11 and examine critically even slight procedural deficiencies to ensure that the

defendant's guilty plea was a voluntary and intelligent choice and that none of the defendant's substantial rights has been compromised. <u>United States v. Livorsi 180 F.3d 76, 78 (2d Cir. 1999)</u>. Also see: <u>Collier v. United States 2019 US Dist LEXIS 11742, 2019 jWL 296767 (E.D.N.Y. 2019)</u> quoting <u>United States v. Ritter 700 F.App'x 10,11 (2d Cir. 2017)</u> (while a voluntary waiver of collateral attack is generally enforceable, a criminal defendant does not waive the right to appeal or collateral attack on the basis that the plea itself, including the waiver, was not intelligent or voluntary).

In Petitioner's case, during direct appeal he raised the issue that the appellate waiver is unenforceable, No. 17-3590, therefore preserving the issue concerning the waiver. <u>Bousley v. United States 523 US 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)</u>. Petitioner is challenging the constitutionality of the statute of his conviction, the 924(c) residual clause, held unconstitutional pursuant to <u>Davis</u>. However, Petitioner did not raise the issue of the constitutionality of 924(c) during direct appeal, but, the Supreme Court in <u>Class v. United States 138 S.Ct. 798, 200 L.Ed.2d 37 (2018)</u>, has examined whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal and held that it does not.

The Fourth Circuit in, <u>United States v. Samuels 2019 US Dist. LEXIS 165437 (4th Cir. 2019)</u>, considering class, held that his guilty plea did not foreclose his collateral challenge to the constitutionality of the statute under which he was convicted. In its review, the court acknowledged that generally claims not raised on direct appeal may not be raised on collateral review unless the Petitioner shows cause and prejudice to excuse his procedural default. <u>Massaro v. United States 538 US 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).</u> The Court held that a change in law may constitute cause for a procedural default, if it creates a claim that is so novel that its legal basis is not reasonably available.

Bousley 523 US at 622 (quoting Reed v. Ross 468 US 1, 16, 104 S.Ct. 2901, 82 L. Ed.2d 1 (1984)). Under Reed the court held that Samuels has shown cause for failing to assert a vagueness challenge to the residual clause of 924(c) at trial or on direct appeal because at the time of his conviction Supreme Court precedent had foreclosed the challenge. Next, he had to demonstrate prejudice by showing a reasonable probability that without the error, the result of the proceeding would have been different. Strickler v. Greene 527 US 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). The court found it erroneously treated Samuels conviction as a viable predicate for his 924(c) conviction, which error added 384 months to his sentence, thererfore, demonstrating prejudice. Also see: Bousley 523 US miscarriage of justice exception. The courts have also confirmed that a defendant may challenge a plea waiver on claims based on intervining authority that narrows the statute of conviction as one of actual innocentce. Williams v. United States 2019 US Dist. LEXIS 138534 (4th Cir. 2019) ( holding that a 2255 movant arguing that the predicate offense underlying his 924(c) conviction is not a crime of violence under 924(c)(3) may appropriately present a claim of actual innocence). Actual innocence means innocence of the actual conduct of the offense. Petitioner may overcome any procedural default for the independent reason that he can satisfy the cause - and - prejudice standard, which he has as described above. Davis breaks new grounds which finding was not available during petitioner's direct appeal, and predicates of Petitioner's conviction relies on the definition of a crime of violence found under 924(c)(3)(B) which added 20 years to his sentence.

In Petitioner's case, he was originally charged with five counts of the six count indictment: count (1) narcotic conspiracy; count (2) robbery conspiracy; count (3) robbery; count (4) murder in relation to a crime of violence or drug trafficking crime; and count (6) 924(c)(1)(A)(iii). Petitioner entered into a

5

plea agreement as to count - 6 of the indictment which the government directs is associated with count - 1 but entails the conspiracy nature of counts (2), (3), and (4) of the indictment. In other-words, the government had alleged several underlying offenses that forms the basis of Petitioner's sentence on the consideration, in part, that relate to a crime of violence that was formerly defined under 18 USC 924(c)(3)(B). This consideration is still relevent as is evident based on the stipulation in the plea agreement where the government contend that the parties stipulate that the conduct underlying the offense charged in count six establishes a more serious offense than the offense of conviction, namely the shooting that resulted in death. Counts one and two are not necessarily more serious offenses because they can be predicated on a wide range of conduct that can be mitigated, opposed to being binding as is count six. And, count four, which statute relate to the shooting that caused the death also relates to 924(c)(3). Count six charges Petitioner with violating 18 USC 924(c)(1)(A)(iii) and 2.

18 USC 924(c)(1)(A) provides that:

Any person who during and in relation to a crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, shall, or will in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -
  (i) be sentenced to a term of imprisonment of not less than 5 years;
  (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
  (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Petitioner's underlying offense was originally predicated upon two conspiracies alleged in counts one and two, by the government, which those offenses along

with the remaining counts, other than, 924(c)(1)(A)(iii) were dismissed. The statutory provisioins for those dismissed offenses are no longer relevent for sentencing or as convictions under their statutes. It is also acknowledged that Petitioner's guilt to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The maximum sentence authorized pursuant to Petitioner's offense of conviction, 18 USC 924(c)(1)(A)(iii), is ten years. It is further acknowledged that the government cannot, and does not, make any promise or representation as to what sentence Petitioner will receive, and that the sentence to be imposed would be determined solely by the court. In other-words, the sentencing court is authorized to review and consider the nature of the offense and alleged conduct, in determining the reason upon its sentence. The sentencing court reviewed the nature of the offense in Petitioner's case and considered the alleged violent nature of the conduct alleged against Petitioner to determine his sentence.

The definition of a crime of violence is found in 924(c)(3) whereas:

For purposes of that section the term crime of violence means an offense that is a felony and -
  (a) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or;
  (b) that by its nature, involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Petitioner is not convicted of a drug conspiracy, robbery conspiracy, robber, nor the statute for the murder in relation to those offenses, as those offenses were dismissed. But, instead, Petitioner is convicted of possessing a firearm that he is alleged to have discharged during and in relation to a crime of violence or drug trafficking crime. The punishment of which that statutory of-

fense is, ten years imprisonment. The sentencing court imposed twenty additional years to Petitioner's sentence based on the shooting that resulted in death, considering it as a crime of violence. The imposition of the additional twenty years is regulated as a, crime of violence, consistent with an offense that is a felony and that by its nature, involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, 924(c)(3)(B), because there is no other statute of conviction to rely on.

USSG 1B1.2(A) authorizes the sentencing court to consider the relevant conduct of the defendant, however, the imposition of the sentence cannot exceed the statutory maximum for the offense of conviction; see: Gjuraj v. United States 2013 US Dist. LEXIS 96600 (2d Cir. 2013)(noting that the sentencing guidelines expressly contemplates that the guideline range for a count may exceed the statutory maximum for the offense. If that occurs, the court is directed to use the statutory maximum sentence as the guideline sentence). As stated above, Petitioner was convicted of the statutory provisions provided by 18 USC 924(c)(1)(A)(iii) and the sentencing court explicited reviewed Petitioner's alleged conduct as a crime of violence when sentencing Petitioner, as in this case is defined under, 924(c)(3)(B). 924(c)(1)(A)(iii) is a statutory offense that incures a mandatory consecutive sentence from all other offenses and considerations which further demonstrate that his overall sentence was based on the definition of a crime of violence explained above. Petitioner should therefore be sentenced within the statutory maximum of his statute of conviction without the consideration of the unconstitutional staturory provisions of the 924(c) residual clause that has been abrogated by the Supreme Court in Davis.

8

Ambiguity:

The residual clause of 924(c) - 924(c)(3)(B), has been found to be the subject of ambiguity resulting in being found to be an unconstitutional statute. The courts have found where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant. United States v. Bass 404 US 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity; where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant). The rule of lenity requires ambiguous criminal law to be interpreted in favor of the defendant subject to them. This venerable rule not only vindicates the fundamental principle that no citizen should be held accountable for a violation of statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed. United States v. Santox 553 US 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008)., Petitioner's sentence is subject of the ambiguous provisions and usage of the unconstitutional statutory portion of 924(c) that was abrogated by the Supreme Court.

## CONCULUSION

Petitioner should be granted relief pursuant to 28 USC 2255 and sentenced vacated and remanded for resentence to the statutory provison of his convicted offense.

Date: March. 17, 2020

Respectfully Submitted,

Rashod Lewis, R.L.

9



77630-054
Silvio J Mollo
500 Saint Andrews PLZ
NEW YORK, NY 10007
United States



Rashad Lewis
77630-054
U.S.P Big Sandy United States Penitentiary
P.O Box 2068 Inez, KY 41224

☆ 77630-054 ☆
Silvio J Mollo
500 Saint Andrews PLZ
NEW YORK, NY 10007
United States