UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RASHOD LEWIS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 27, 2021

16-CR-311 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

    Petitioner Rashod Lewis, proceeding *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. Section 2255, to vacate his conviction and sentence. Lewis argues that the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidates his conviction. The Government opposes the Petition. For the reasons that follow, Lewis's Petition is DENIED.

    On August 31, 2016, the Government filed a Superseding Indictment (the "Indictment") charging Lewis with, among other counts, conspiracy to distribute and to possess with the intent to distribute heroin and crack, in violation of 21 U.S.C. Section 846 (Count One), and use and possession of firearms in furtherance of narcotics trafficking, in violation of 18 U.S.C. Sections 924(c)(1)(A)(iii) and 2 (Count Six). (Indictment at 1-3, 7-8, ECF No. 63.) On June 8, 2017, Lewis pleaded guilty to Count Six of the Indictment. (ECF No. 182-2.)

    On October 30, 2017, the Court sentenced Lewis to 360 months' imprisonment, followed by five years of supervised release. (ECF No. 282.) Lewis appealed his judgment of conviction

on November 3, 2017 (ECF No. 261), and the Second Circuit affirmed Lewis's conviction on August 23, 2018, *United States v. Lewis*, 735 F. App'x 28 (2d Cir. 2018) (summary order).

On April 8, 2020, Lewis filed a *pro se* Section 2255 petition to vacate his conviction and sentence.[1] (Pet., ECF No. 417.) The Government filed an opposition on June 2, 2020. (Gov't Opp'n, ECF No. 430.) Lewis filed a *pro se* reply on August 3, 2020. (ECF No. 449.)

Because Lewis is proceeding *pro se*, the Court construes his petition liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'"). Lewis's petition lacks merit even by this standard.

Lewis's request for relief is based on his mistaken reading of *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the "crime of violence" language contained in the "residual" clause of 18 U.S.C. Section 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336. As the Government correctly points out, however, *Davis* is inapplicable to Lewis's conviction. Lewis was *not* charged with possession of a firearm in furtherance of a "crime of violence"; he was charged and convicted under Section 924(c) on the basis of firearms offenses committed in furtherance of the drug trafficking crime charged in Count One. (*See* Indictment at 1-3, 7-8; Plea Tr. at 4-5; Gov't Opp'n at 1.) Thus, Lewis's reliance on *Davis* is misplaced. *See, e.g.*, *Estrada v. United States*, 2020 WL 6048302, at *4 (S.D.N.Y. Oct. 11, 2020) (Gardephe, J.).

## CONCLUSION

For the foregoing reasons, Lewis's petition under Section 2255 is DENIED. Because Lewis has not made a substantial showing of the denial of a constitutional right, the Court denies

---

[1] The Court notes that on April 22, 2020, Lewis filed a letter to the Court requesting to amend his initial Section 2255 petition. (ECF No. 420.) However, the petition that Lewis attached to his letter is identical to his original Section 2255 petition, which the Court addresses herein.

a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is respectfully directed to terminate the petitions at ECF Nos. 417 and 420, and to mail a copy of this Opinion and Order to Lewis.

SO ORDERED.

Dated: New York, New York
April 27, 2021

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge