FILED
U.S. DISTRICT COURT
2026 NOV 16 AM 11: 31
S.D. OF N.Y.

UNIted States DISTRICT COURT
SOUTHERN DISTRICT OF New YORK
UNITED STATES OF AMERICA,

- against -

Rashod Lewis

Defendant,

From defendant to the Goverment Reply:

## BACKGROUND

First and formost Im Place In SHU at F.C.I Williamsburg, so This "Motion" will be written Instead of Type Inorder to be recieved by November 13, 2026 and Ready for ruling. The Goverment respecfully writes in opposition to defendant motion. stating 5 different Reasion's why defendant Motion Should Not be Granted.

1.) The defendant Is Not eligible for Sentence reduction because of a Purported disparit Between his sentence and that of his co-defendant, Kenneth Rudge

2.) The defendant Not eligible for a Sentence reduction due To Good conduct while Imprisoned or the claim that he has been rehabilitated.

3.) The defendant Not eligible for a Sentence reduction for Purportedly saving a correctional officer from attack.

4.) The defendant Is Not Entitled to a Sentence reduction because he was sentenced above the National average for his offense.

5.) The Section 3553(a) Factor's weigh Decisively Against a Sentence Reduction

## ARGUMENT

What The Government fails to realize Is the defendant and His co-defendant were sentence to only one of the 924(c) Count's Not Both. Count six of the Indictment 18 U.S.C 924 (c) (1) (A) (iii), which Charged him with the use, Possession, and discharge of a firearm during and In the furtherance of a Narcotic's Conspiracy, In violation of 18 U.S.C 924 (c) (1) (A) (iii).

wich Hold's a Mandatory Minimum of 120 months, MR. Rudge got his Mandatory minimum of 120 Month's, Where as MR. Lewis the defendant Received 360 Month's. That is a drastic disparity wich is "extraodinary and Compelling" Reasion for a reduced Sentence. The defendant does show Good conduct and rehabiliation he has over (42) Program's completed while being housed at U.S.P Big Sandy, eight disciplinary incidents in 7 Year's 8 Month's in a U.S.P Can not over Look (42) Program's in a U.S.P. The Goverment use'd exhibit (A) Inmate Disciplin Data chronological disciplinary record. The defendant Last and only Sanctioned for a (104) Possessing a dangerous Weapon was 02-08-2018 almost 9 Year's from today as this motion is being written. There is No Possible way to avoid fighting in a U.S.P You will Not Survive, You Have to defend Yourself. In Society You can avoid these type of Situations, recieving Program's Like the one's the defendant has recieved in a U.S.P that alone Show's rehabiliation and a Sentence reduction should be considerate. The Goverment State's that the defendant is not eligible for Sentence reduction for Purportedly Saving a correctional officer from attack. The incident occure'd March 11, 2024 8:15 PM unit A-1 at U.S.P big Sandy, The defendant was Personally Pulled out March 12, 2024 by executive staff and thanked for his heroic act. A grant request for compassionate release based on a Single heroic act may not be "extraordinary and compelling" but based on 355 (A) Factor's it should be took into consideration for a Sentence reduction. MR. Lewis the defendant has been in three (3) different Incident's were he was assaulted by Inmate's because of his heroic act to a staff member. He's Corently housed in SH at F.C.I Williamsburg and this specific reasion plays a part in that. He went against the convict "code" so to say, The Goverment Stat's the defendant is not entitled to a Sentence reduction because he was Sentenced above the national average for his offense, A 360-Month Sentence is grossly disproportionate to his offense

A term of imprisonment constitutes cruel and unusual Punishment if it is grossly disproportionate to the crime for which it is imposed. A comparison of MR. Lewis crimes with the 360-month sentence demonstrates that this punishment is, in fact grossly 'Ewing v. California, 538 U.S. 11, 23 (2003)'. See also United States v. Weems, 217 U.S. 349, 371 (1910) (holding that the 8th Amendment prohibits "all punishments which by their excessive length or severity are greatly disproportionate to the offenses charged") The reality is that a 360-Month Sentence over-represents the Seriousness of Mr. Lewis' offense and resulted in a disparate sentence. The Judicial Sentencing information ("JSIN") interactive data tool, Provided by the United States Sentencing Commission, returned the following information on the sentencing of offender's sentenced under the same section of the guidelines as Mr. Lewis, with the same guideline range and criminal history category: During the last five fiscal year's (FY2021-2025), there was an insufficient number of defendant's (1) whose primary guideline was §2A1.1 and who were convicted of at least one count 18 U.S.C § 924 (j) with a final offense level of 40 and a criminal History category of V, after excluding defendant's who recieved a §5K1.1 substantial assistance departure; and (2) who recieved a sentence of imprisonment in whole or in part. The absence of a meaningful number of recently imposed comparable sentences strongly suggests that society's evolving standard's of decency no longer tolerate sentences of this length for defendants sentenced on convictions and sentencing factors similar to those present in Mr. Lewis case. The sentence the defendant is serving is 10-Year's greater than the median sentence imposed on a first-degree murderer sentenced in federal court. To expand the frame, further, one district court, in assessing a motion for compassionate release noted the median lengths of sentence's imposed in 2019 for a selection of especially serious crimes: Twenty Year's for Murder, Fifteen Year's for Sexual

ibuse, and ten Year's for Kidnapping. united States v. Quinn, NO. 91-CR-00608-DLJ1-RS 167 F. Supp. 3d 824, 828-29 (N.D. Cal. June 17, 2020) (Citing U.S. Sentencing Comm'n. 2019 Annual Report and Sourcebook of federal Sentencing Statistic's 64 (2020), availabl it https://www.ussc.gov/Research/Sourcebook-2019). The sum of the evolution of our society's understanding of the relative Severity of the Offense committed by the defendant Strongly indicate's that the Sentence he recieved is unduly harsh, unnecessarily long, and ripe. The defendant Tragic childhood and offender characteristics establish he is unlikely to Recidivate. The defendant Youth at the time of his offense (he a 24 Year's old in 2016), Combined with the Severe Childhood trauma that derailed his early life and his subsequent institutional turnaround, establishe's that further long-term incarceration is completely unnecessary. First, the defendant Survived a tragic Childhood completely beset by extreme domestic violence, Systemic drug abuse instability, and abandonment. Born into a volatile household, his biological father was a cocaine dealer and crack addict who stashed narcotics directly inside the family apartment. Before reaching the age of two, the defendant was routinely hidden in a closet by his older sister during terrifying home invasion's where armed intruder's broke in looking for his Father's drug money. At just two Year's old, the defendant was discovered playing with his father's loaded Pistol, on another occasion his father held a 9mm handgun directly to his mother's head and threatened to execute her. His father eventually died of AIDS complication's when the defendant was only six Year's old. Following his father's death, the defendant Mother partnered with a stepfather who was also a severe drug addict. This stepfather was ultimately incarcerated for 7 or the 16 Year's they spent together for violent felonies like robbery and assault. Deprived of stability, the family frequently faced eviction's and cycled through the homeless shelter system, forced to rely entirely on Public assistance and food stamps. With zero positive adult role models, an unaddressed

earning disability, and a broken home, he turned to the streets for survival, abusing marijuana by age 10 and daily by age 13. This unmitigated exposure to severe developmental trauma directly drove his early contact with the Justice system. Second, despite this devastating background, the defendant has demonstrated an immense capacity for transformation and genuine redemption. Since his arrest he has remained completely drug free and has transformed into a model inmate. He has actively pursued his education with the Bureau of Prison's, earning multiple program certificate's and studying diligently to pass his GED exam. He has expressed profound, heartfelt remorse for the pain caused to the victim's family and his community. Third, the defendant possesses a viable, structured release plan backed by a dedicated family network. His mother, sister, and other family member's remain deeply supportive and are committed to helping him successfully transition back into society. The defendant is motivated by a powerful desire to break the intergenerational cycle of incarceration for his three young children (Zamia, Yasmiel and Zayden) The defendant If released is prepared to provide lawful financial and emotional support to his family. Fourth the defendant has been in continuous custody since at least May 10, 2016, when he was arrested by federal authorities in connection with the offenses for which the instant sentence was imposed. He has therefore served more than a decade in prison as actual time in custody, without even accounting for the good-Time credit he has earned during those years. The united State's Sentencing Commission has studied the correlation between incarceration length and recidivism. A key finding of that study was that a period of incarceration greater than 120 months had a pronounced impact in limiting future recidivism, reducing it by as much as 15% when compared to prisoner's released after serving shorter term's. Id. Finally, the defendant, which began in 2005 with the landmark decision in Roper v. Simmons. Though relatively narrow in it's holding, the Roper court issued some broader

observation's about the nature of Youth - observation's that had widespread implication's and ushered in a cultural and legal shift in the treatment of Youth who commit crime's. The Roper court documented three overarching difference's between Juveniles under eighteen and adult's that the court believed " demonstrate that juvenile offender cannot with reliability be classified among the worst offender's" First, Youth tend to lack maturity and have "an underdeveloped Sense of responsibility". Second, Juveniles tend to be more susceptible to negative influences and peer pressure. Third, "The Character of a Juvenile is not as well formed as that of an adult." Based on these difference's, the court reasoned that juveniles had diminished capacity, and that, as a result, "it is evident that the Penological justification's for the death Penalty apply to them with lesser force than to adults' Just two year's later, the court further extended the reach of Roper. In miller v. Alabama, the court held that mandatory life imprisoment without Parole for those under age of eighteen at the time of their crime's violated the eighth Amendment. writing for the court, Justice Kagan noted that "Roper and Graham establish that children are constitutionally different from adult's for Purposes of Sentencing. Justice Kagan reiterated that "the distinctive attributes of Youth diminish the Penological justification's for imposing the harshest Sentences on Juvenile offender's, even when they commit terrible crimes" She further noted that: By removing Youth from the balance... [Mandatory Penalty scheme's] prohibit a Sentencing authority from assesing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender. [Doing so would] Contravene [] Graham's (and also Roper's) foundational principle: that imposition of a state's most Severe Penalties on Juvenile offender's can not proceed as though they were not children. Third, Several State high Court's and a handful of federal court's of appeal's have held that a Juvenile's age must be considered where multiple Sentence's can cumulatively constitute a term of natural life

Imprisonment without Parole. In so doing, these courts have rightly recognized that "[t]here is more to Miller" than it's explicit holding forbidding mandato[ry] ife without Parole. Instead, "logic of Miller" extends to, at least, discretiona[ry] [d]e facto life Sentences where a term beyond that of a natural life May be [i]mposed. These realities apply equally to the defendant who, at the time of th[e] [o]ffense conduct, was an immature twenty-four-year-old and who was even younge[r] when he sustained the prior convictions from which his criminal history categor[y] was derived. The honorable Kimba M. wood Chief Judge should feel confident tha[t] the defendant Mr. Lewis continued incarceration - based on Conduct Committed whi[le] he was an immature 24-Year-old is contrary to society's evolving understandi[ng] of diminished Culpabality among Youthful offender's and constitutes a Compelling factor warranting of his sentence to time served, which now exceed's ten Year's, tak[en] together, these consideration's demonstrate that Mr. Lewis Sentence would p[ose] no danger to any person or to the community, and that he is unlikely to engag[e] in future criminal activity. Conclusion. The honorable Kimba M. wood chief Judge has broad Power's to correct disproportionate Sentences and ensure that Justice is tempered with mercy. The defendant Mr. Lewis 360-Month Sentence is unnecess[arily] long, exceeding State court metrics for the same conduct and failing to prope[rly] account for the severe childhood trauma that derailed his early life. The appropiate remedy for these circumstances is to grant Petition and his sentence t[o] time served.

Respectfully submitted, this ____ day of November, 2[0]

MR. Rashed Lewis Federal Reg. No. 77630-054 F.C.I. Willi[ams]burg P.O. box 340 Salters, SC 29590 R.L.

Name: Rashod Lewis
Register numbers 77630-054
S.C.P Williamsburg
Inmate mail
P.O. Box 340
Salters SC 29590

COLUMBIA SC
10 NOV 2026 PM 2 L




FILED
U.S. DISTRICT COURT
2026 NOV 16 AM 11: 31
S.D. OF N.Y.

NOV 13 2026

Clerk of Courts
United States District Court
500 Pearl Street
United States CourtHouse
New York, NY 10007-1312

USPS
Legal
Mail

ProSe

10007-13

Forward: A.D.A Al Adams